UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL LUGO,

    Plaintiff,

v.                                                Case No.: 2:22-cv-66-SPC-NPM

ISLAND HARBOR BEACH CLUB,
LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Defendant Island Harbor Beach Club, LLC's Motion to Dismiss (Doc. 19) and Plaintiff Daniel Lugo's Response in Opposition (Doc. 20). Because Lugo has standing, the Court denies the Motion.

## **BACKGROUND**[2]

Lugo is disabled as defined by the Americans with Disabilities Act ("ADA") because he has limited ability to walk and must use a wheelchair. *See* 42 U.S.C. § 12102(1)(A), (2)(A). He is a typical ADA "tester" who seeks out businesses to test their compliance with ADA regulations. Lugo even acts as

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These facts are from the Amended Complaint (Doc. 17).

an e-tester sometimes for online compliance. Island Harbor is the operator and/or owner of the Palm Island Resort ("Resort"), which is a place of lodging that allows for the public to reserve rooms.

Lugo visited Island Harbor's online reservation system, which doesn't describe accessible rooms or features at the Resort. So the system does not allow Lugo to reserve an accessible room. Lugo also put Island Harbor's use of a third-party reservation system (Expedia) to the test. Neither identified accessible rooms or features. So Lugo could not book a room or determine if the Resort met his needs. After the visits, Lugo suffers continued "frustration and humiliation" and a "sense of isolation and segregation." (Doc. 17 at 12).

Lugo seeks an injunction to require Island Harbor to bring both reservation systems into compliance with ADA regulations. Island Harbor moves to dismiss for lack of standing and for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

Motions to dismiss for lack of standing challenge the Court's subject-matter jurisdiction, so Rule 12(b)(1) governs. *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1238 (M.D. Fla. 2019). On a facial challenge—which Island Harbor seems to raise—"the Court takes the allegations in the complaint as true." *Id.* at 1239.

Plaintiffs must show standing to invoke federal jurisdiction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). For standing, there must be (1) injury, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Causation and redressability are not at issue. Lugo's alleged injury is though. According to him, Island Harbor's noncompliance with the ADA caused emotional harm, and an injunction bringing the reservation systems into compliance would redress that injury. At issue, then, is whether Lugo pled an injury in fact.

An "injury in fact" means "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (cleaned up). A "concrete" injury must be "real, and not abstract" but can be either "tangible" or "intangible." *Spokeo*, 136 S. Ct. at 1548-49. For injunctive relief, plaintiff also "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d at 1323, 1328 (11th Cir. 2013).

## DISCUSSION

Title III of the ADA states that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures . . . necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. §

3

12182(b)(2)(A)(ii). Under its delegated authority from § 12186(b), the Department of Justice promulgated these rules:

> (e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs . . . .

28 C.F.R. § 36.302(e)(1)(i)-(ii). The basis of Lugo's discrimination claim is Island Harbor's noncompliance with these regulations (among others).

## A. Standing

Lugo's standing turns on whether the emotional injury he suffered from visiting the reservation systems is a sufficient injury in fact. Under *Laufer v. Arpan, LLC*, 29 F.4th 1268 (11th Cir. 2022), it certainly is.

*Laufer* dealt with near identical facts. There, an ADA e-tester visited a hotel's online reservation system and third-party sites to discover they did not comply with 28 C.F.R. § 36.302(e). The e-tester claimed she suffered

"'frustration and humiliation' and a 'sense of isolation and segregation'" from visiting the websites. *Id.* at 1274. The district court held the e-tester had not suffered a concrete and particularized injury, so it dismissed. Because there was standing under a "stigmatic injury" theory, the Eleventh Circuit reversed. While the alleged discrimination was not enough on its own to constitute a concrete injury, the resulting emotional injury sufficed as a concrete intangible injury:

> Because [plaintiff] claims not only that she suffered illegal discrimination but also that the discrimination resulted in "frustration and humiliation" and a "sense of isolation and segregation," she has adequately pleaded a concrete stigmatic injury. And because her emotional injury is her emotional injury, it affects her "in a personal and individual way" and is therefore sufficiently particularized . . . . Under existing precedent, [plaintiff's] allegations of frustration and humiliation are facially sufficient to demonstrate stigmatic-injury standing.

*Id.* at 1274-75 (quoting *Lujan*, 504 U.S. at 560 n.1).

Lugo fashioned his pleading to fall in line with *Laufer*. *See* (Doc. 17 at 12 ("Plaintiff has suffered, and continues to suffer, frustration and humiliation . . . . Defendant contributes to Plaintiff's sense of isolation and segregation by the continued operation of the Reservation Services with discriminatory conditions.")). Lugo's injuries mirror what *Laufer* held to be facially sufficient as a concrete intangible injury. So the emotional harm alleged in the Amended

5

Complaint is enough for this Court to recognize an injury in fact for standing purposes.

Because Lugo seeks injunctive relief, however, he must also show a likelihood of future injury. *Houston*, 733 F.3d at 1328-29, 1334. In a typical ADA case, courts apply the four-factor test set out in *Houston*: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id.* at 1327. The factors are non-dispositive, so "courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of injury." *Id.* at 1337 n.6.

The *Houston* factors are not tailored for website cases, where an online injury occurs without the plaintiff ever having to physically visit the business. *See Parks v. Richard*, No. 2:20-cv-227-FtM-38NPM, 2020 WL 2523541, at *2 (M.D. Fla. May 18, 2020) (describing ADA website cases as "somewhat tricky because courts nationwide are trying to fit the square peg of an online injury into the round hole of traditional standing analysis"). Some courts apply the test nonetheless, *Price v. City of Ocala*, 375 F. Supp. 3d 1264, 1272 (M.D. Fla. 2019), while others do so only to the extent that it fits with facts of a case, *Kennedy v. Floridian Hotel, Inc.*, No. 1:18-cv-20839-UU, 2018 WL 10601977,

6

at *5 (S.D. Fla. Dec. 7, 2018). The Court need not take a position here because the result is the same even if *Houston* applies.

In *Parks*, the Court applied the *Houston* factors to a similar ADA website case. *Parks*, 2020 WL 2523541, at *1-3. Under the totality of the circumstances, the Court found the tester had alleged a real and immediate threat of future injury. Since the discrimination and injury spawned from the defendant's noncompliance with 28 C.F.R. § 36.302(e), the relevant inquiry related to the defendant's *website*, not the physical motel. *See also Poschmann v. Fountain TN, LLC*, No. 2:19-cv-359-FtM-99NPM, 2019 WL 4540438 (M.D. Fla. Sept. 19, 2019) ("[T]he relevant 'future injury' inquiry relates to the motel's website and reservation system, rather than the motel's physical property."). And even applying the traditional *Houston* test, plaintiff had standing.

The Court finds no reason to depart from that result here with such familiar facts. First, proximity leans towards future injury here because Island Harbor operates the Resort, which Lugo lives 208 miles from. If anything, this suggests a higher likelihood of future injury. *Parks*, 2020 WL 2523541, at *3. Second, Lugo showed past patronage by visiting Island Harbor and Expedia's websites. What's more, the relevant injury occurred online—not at the Resort. Third, he intends to revisit reservation systems "in the near future, and within thirty (30) days," which is enough for definiteness of plans to return. (Doc. 17 at 3). And fourth, frequency of travel is again unproductive because Lugo's

7

travels near the Resort are irrelevant to his visits to the websites, the source of his injury.

In its Motion, Island Harbor challenges Lugo's future injury by refuting each of the *Houston* factors with factual allegations. Even if these were pertinent, none are convincing for the reasons above. Likewise, the single, unpublished, nonbinding case Island Harbor relies on is easily distinguished. *Kennedy v. Schling LLC*, No. 6:17-cv-74-Orl-22TBS, 2017 WL 6597119 (M.D. Fla. Nov. 14, 2017). There, Judge Conway tackled a traditional ADA tester suit. Again, e-tester cases—like this one—present different circumstances. *E.g.*, *Parks*, 2020 WL 2523541, at *1-3.

Lugo's emotional harm included in the Amended Complaint passes injury in fact muster as a "stigmatic injury" under *Laufer*. Considering the totality of the circumstances, the Court also finds that Lugo sufficiently alleged a real and immediate threat of future injury under *Houston*. The Court, therefore, holds Lugo has standing and survives the 12(b)(1) attack.

**B. Merits**

In passing, Island Harbor apparently moves under Rule 12(b)(6) too. (Doc. 19 at 1). Yet a stray citation is the extent of Island Harbor's 12(b)(6) argument. The Motion never addresses the plausibility of Lugo's legal claim and deals almost exclusively with Lugo's standing. Island Harbor's only other arguments—that Lugo is a "professional plaintiff" and that the Resort is not a

8

public accommodation—rely on facts far outside the pleadings and are not appropriate for a 12(b)(6) motion. (Doc. 19 at 1-2); *Allen v. USAA Cas. Ins.*, 790 F.3d 1274, 1278 (11th Cir. 2015).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 1, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record